UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61408-BLOOM/Valle

ADEM ALBRA,

    Plaintiff,

v.

STATE OF FLORIDA, ATTORNEY
GENERAL OF THE STATE OF FLORIDA,
and SHERIFF OF BROWARD COUNTY

    Defendants.
_____/

## ORDER ON MOTION FOR LEAVE TO PROCEED
## IN FORMA PAUPERIS AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the *pro se* Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3] (the "Motion"), filed in conjunction with Plaintiff's Emergency Petition for Habeas Corpus or Alternatively, Non-Prisoner Habeas Corpus, ECF No. [1] (the "Petition"), asserted against the State of Florida, the Attorney General of the State of Florida and the Broward County Sheriff. Plaintiff Adem Albra ("Plaintiff" or "Albra") has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. The Court has carefully reviewed the Petition, the Application, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, Plaintiff's Petition is **DISMISSED WITHOUT PREJUDICE** and the Application is **DENIED AS MOOT**.

    Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit

that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

The Petition in this case must be dismissed because it fails to state a claim upon which relief can be granted. First, although Albra contends that the Petition is for habeas corpus, he concedes that he is not a prisoner, and therefore § 2254 does not apply to him.[1] In fact, he seeks relief pursuant to 28 U.S.C. § 1983, for what he contends to be violations of his constitutional rights by Defendants seemingly related to a dispute with his roommate, which resulted in a temporary restraining order against him. According to the Petition, Plaintiff has been living with his roommate for approximately twenty years without incident. However, following an incident on March 11, 2019, in which police responded to Plaintiff's residence, his roommate apparently obtained a temporary restraining order, which was served on Plaintiff by Defendants. Plaintiff complains about the manner in which the temporary restraining order was served—after his

---

[1] Habeas corpus is "[a] writ employed to bring a person before a court, most frequently to ensure that the person's imprisonment or detention is not illegal. [. . .] In addition to being used to test the legality of an arrest or commitment, the writ may be used to obtain judicial review of (1) the regularity of the extradition process, (2) the right to or amount of bail, or (3) the jurisdiction of a court that has imposed a criminal sentence. *Habeas Corpus*, Black's Law Dictionary (11th ed. 2019).

roommate allowed the police to enter the residence. Thereafter, nine officers entered Plaintiff's room "to depict Albra as some Top Ten FBI fugitive." ECF No. [1] at 9, ¶ 11. Plaintiff also complains about being falsely detained during the March 11, 2019 incident, and has apparently already filed suit against the Sheriff as a result.

Although the Court liberally construes *pro se* pleadings, the Court is not free to construct causes of action for which adequate facts are not pled. Indeed, although Plaintiff states conclusively that Defendants violated his Fourteenth Amendment rights, Plaintiff has not stated sufficient facts to state a plausible claim based on this theory. As the Court is unable to ascertain any plausible claim for relief from Plaintiff's allegations, the instant action must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE.**

2. Plaintiff's Motion, **ECF No. [3],** is **DENIED AS MOOT.**

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 6, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Adem Albra, *pro se*
860 NE 34th Street
Fort Lau